IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HARDISON,<br><br>    *Plaintiff*,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES,<br><br>    *Defendant*. | Civil Action No. 2:23-cv-00485<br><br>Hon. William S. Stickman IV |

## ORDER OF COURT

  Plaintiff William Hardison ("Hardison") brings this *pro se* action. Because it appears that he is incapable of paying the fees necessary to commence this action, leave to proceed *in forma pauperis* will be granted. Congress, however, recognized that a litigant whose filing fees and court costs are assumed by the public lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Accordingly, the Court must review the complaint and determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B).

  A complaint is frivolous if it "lacks an arguable basis in either law or in fact," *Neitzke*, 490 U.S. at 325, and it is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. To survive dismissal, Hardison's complaint must present a colorable legal argument. In other words, his complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quotation marks omitted). "[M]ere conclusory statements[ ] do not suffice." *Id*. As Hardison is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing cases).

The Court has carefully reviewed Hardison's complaint and concludes that it presents no colorable legal claim. Giving Hardison the benefit of the doubt as a *pro se* litigant, the Court is unable to ascertain any legal causes of action. Furthermore, the complaint is devoid of any factual allegations. Hardison has attached four pages to his complaint that consist of rambling words and incomprehensible phrases. (ECF No. 1-4, pp. 1-4). The Court is unclear if these pages are Hardison's factual allegations, or just random printouts from a website. In its current form, it is impossible for Defendant to decipher the allegations against it, much less formulate an answer. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is "illegible or incomprehensible," *Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007), or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible," *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint is appropriate under Federal Rule of Civil Procedure 8 ("Rule 8"). Dismissal is also proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response, *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011). Hardison's complaint does exactly what Rule 8 forbids. The Court holds that Hardison's complaint is subject to dismissal in

its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

AND NOW, this **28** day of March 2023, IT IS HEREBY ORDERED that Plaintiff William Hardison's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 1) is GRANTED. The Clerk of Court is directed to file his complaint.

IT IS FURTHER ORDERED that William Hardison's complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court shall mark this CASE CLOSED.

BY THE COURT:

*/s/ William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[1] As there is no factual basis or legal theory upon which Hardison may proceed, the Court finds that granting leave to amend is futile. *See* 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.15 (3d ed. 2023) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.").